Southerland *v.* Jackson.

In order to set aside the verdict, A. W. Paine, for the plaintiff, contended that it was defective, by means of its omission to return the value of the articles. The rights of the parties cannot be determined by it. The costs depend upon the value assessed. Till such assessment is made, there can be no judgment.

*Prentiss,* for the defendant.

The plaintiff is bound by the valuation he has affixed to the articles in his writ. Where neither party calls for any other estimate, it is presumed that valuation is satisfactory to both parties.

WILLIAM SOUTHERLAND *versus* MOSES JACKSON.

A grantor of land, bounded on a street, according to a plan, retains the fee in the soil upon which the street is represented in the plan.

Until the street has been opened, a grantee of one of the lots bounded upon it, according to the plan, can maintain no action for the creating of an obstruction upon the ground, represented by the plan for the street.

Whether such grantee, even if the street had been opened, could maintain such an action, except on proof of special damage, *quære.* — Per WELLS, J.

EXCEPTIONS from the District Court, ALLEN, J.

Case for obstructing a street or passage way, to the injury of the plaintiff.

The plaintiff exhibited a deed from Emery and another, to Sleeper, of July 15, 1836, conveying lots No. 29 and 30, according to the plan; and also several intermediate conveyances by which the estate conveyed to Sleeper, vested in the plaintiff. By the plan it appears that Nos. 29 and 30 are bounded on the county road, and that No. 30 adjoined a street, running at

right angles with the county road. The said lots remained vacant and without buildings upon them, until after the commencement of this suit. The plaintiff had no other lands adjoining the street. The land claimed as a street, has always before and since the making of the plan, been used in the same manner as the rest of the farm, either for tillage or mowing. The defendant erected a small wooden house, without a cellar, upon a part of the street adjoining the plaintiff's land.

The street had never been opened or used as a street or passage way ; nor had the plaintiff ever requested it to be opened as such, or that the house should be removed.

After Emery's death, fifty acres of the land were assigned to his widow as dower. Those fifty acres embraced within their exterior limits, the lots No. 29 & 30, and the street and the land adjoining it upon both sides, with a reservation of what had been sold by Emery to Sleeper. The fifty acres thus assigned as dower, came to the defendant by conveyance from the widow, who was also the administratrix of her husbands estate.

The Judge instructed the jury, that by force of the deeds introduced, it was the plaintiff's right to have the portion of the premises, marked as a street on the plan, kept open as a street, and that any obstruction of it would entitle him to damages, and that the erection of a house, as testified, was such an obstruction.

The defendant thereupon requested the Judge to instruct the jury, that the defendant, by virtue of *his* deed, had a right to use the land, designated as a street, in any manner not inconsistent with its being made into a street, whenever the parties interested claimed to have it opened and used as such.

This instruction was not given, but instruction was given, that the erection of the building by defendant would entitle the plaintiff to nominal damages at least, and such further damages as they might find the plaintiff had sustained by the erection.

The jury found a verdict for the plaintiff, and the defendant excepted.

*A. W. Paine*, for defendant.

1. It is conceded, that by the conveyances under which the plaintiff claims title, he has a right of way over the streets laid down on the plan, *so far as is necessary to the enjoyment of his lot, whenever he shall see fit to require it.* And the owner of the fee holds the title of the street, subject to this right, whenever those interested call for it, or the municipal authorities think proper to open the street. This seems to be the result of the various authorities, as collated by Kent, in 3 Com. 433, in note, [5th edition.] Some decisions, subsequently made, will be noticed.

In the case at bar, the lots lay on the county road, and were accessible from it. The street, therefore, *was not necessary*, and the plaintiff had no right to it. *Mercer street*, 4 Cowen, 542.

2. But if plaintiff had any rights to the street, this right was limited by the necessity, which existed for the enjoyment of the lot. The dedication of the street, so far as individuals can enforce rights, is only of so much as adjoins the lot, or connects it with other streets. The plaintiff has no right to go any further than his lots go ; — *39th street*, 1 Hill, 191 — and it will not extend to streets remote from the lot conveyed. *29th street*, 1 Hill, 189.

3. And here no request was ever made to have the street opened. Defendant could only be liable for an unreasonable neglect in removing an obstruction, after the notice to do so.

But whatever rights the plaintiff might claim, under other circumstances, he cannot maintain this action, because the *locus* was never opened or used as a street or passage way; and no request was ever made to have it so opened. It was sufficient for the defendant to hold the property in such a condition as to be able to open it when wanted. The requested instruction, therefore, should have been given. *Clapp* v. *O'Neil,* 4 Mass. 589 ; *Fenner* v. *Shelden,* 11 Metc. 521.

By the ruling, defendant would have been liable in damages for maintaining a fence across the end of the street.

The plaintiff had suffered no damage ; he had no house on his lots; the street had never been opened ; and the obstruction complained of was a temporary one, and readily removable when requested.

4. The Judge erred in taking the matter into his own hands. It was for the jury to settle, how far the street is necessary for the enjoyment of the lot, and what constituted an improper obstruction. The Court erred in instructing them, that the plaintiff had the right contended for, or that the building was such an obstruction as necessarily gave him a right to damages.

*Kelley,* for the plaintiff.

The instruction was correct. *Salisbury* v. *Andrews,* 19 Pick. 250 ; *Atkins* v. *Boardman,* 20 Pick. 291 ; *O'Linda* v. *Lothrop,* 21 Pick. 292 ; *Atkins* v. *Boardman,* 2 Metc. 457.

Where one takes a conveyance of land, bounded on a street, he takes the right to have the street kept open. The doctrine contended for by the defendant, involves the absurdity that, *until* the street is opened, no damage can be recovered for incumbrances put upon it, whereby it *cannot* be opened. The matter presented by the defendant is applicable to the measure of damage, but not to the right of action.

WELLS, J. orally. — Where a street is marked on a plan, the fee remains in the grantor. Until it is opened, no action for obstructing it can be maintained. The instruction was therefore erroneous. If one grantor could maintain such an action, all of them could. Even if the street had been opened, it might be doubtful whether a person living on one of the lots could maintain such an action, except on proof of special damage. *Exceptions sustained.*