GEORGE B. ELY, Plaintiff in Error,

*vs.*

ALLEN C. BATES, Defendant in Error.

ERROR TO ROCK COUNTY CIRCUIT COURT.

*Semble,* that where the plat of an addition to a village purports to be drafted upon a certain scale, and a street is located, and its width indicated in figures placed in the street upon the plat; it is a sufficient dedication of said street, according to the said scale and location, as a public highway.

THIS was an action of trespass brought by the plaintiff in error against the defendant in error, in the Circuit Court of Rock county.

The declaration sets forth that the defendant, on the 19th day of May, 1856, with force and arms, broke and entered the close of the plaintiff, situate in the city of Janesville, &c., and known and described as lots one and two of Pixley and Shaw's addition to the village of Janesville; and forced and broke open, to wit: two gates and one board fence of the plaintiff, there standing, and being on the westernmost end of said lots, and one hundred and forty-six feet distant from the easternmost end of the lots, &c.

To this declaration the defendant pleaded the general issue, and also gave notice, under the statute, that he should give in evidence and insist on the trial of the cause, that at the time of committing the trespass in the said declaration mentioned, the said gates and board fence were standing in a common and public highway, over which all the people of this state then had a good and perfect right to pass and repass without molestation or obstruction, and that in so doing, he, the said defendant, was hindered and obstructed by the said gates and fence; and being so hindered and obstructed, he peaceably and quietly removed the said fence and gates from the said highway, as he then lawfully might do.

By a written stipulation between the parties, it was conceded

that the only question to be contested in the case, was, whether the *locus in quo* was a public highway or street in the city of Janesville; the other preliminary facts necessary to a recovery being admitted, and the suit having, in fact, been brought to test the validity of said street alone.

Upon the trial of the cause in the court below, the defendant, under his notice, introduced a copy of the plat of Pixley and Shaw's addition to the village of Janesville, together with a part of the plat of said town immediately contiguous to and adjoining said addition. It appeared to be a question whether "5th street," a street upon the old plat, extended across the line separating said plat and addition, was a street in said addition; if so, the *locus in quo* would fall within this street, and the defendant would be entitled to a verdict.

The plat as exhibited clearly showed a continuation of said 5th street across the line aforesaid, and into said addition to the centre of the adjoining block; and also a street marked "70," leading from thence by lines parallel with the boundaries of the plat, and with the other principal streets, to intersect "Glen" street—forming a continuation of 5th street, but of a width neither conforming to the alleys or streets of the plat of the addition, and at nearly right angles with the remainder of 5th street, yet parallel to and conformable with the remaining streets, in point of direction.

The description or survey of said plat, indorsed upon it and in evidence, represented that *the streets all run parallel to the boundaries of the plat, and are each one chain in width, with the exception of the street connecting 5th street with Glen street, which is 70 links wide.* * * * * *There are alleys 25 links wide, running north 28 degrees west, through the centres of blocks between Bluff and Main streets, leaving the lots 2 chains and 22½ links in width.*

Lots one and two were in a block between Bluff and Main; and it was upon the supposed discrepancy between the plat itself and these verbal indorsements that the case appeared to turn.

The plaintiff then asked the court to charge the jury:

1. That there was no street known as 5th street legally laid

out in Pixley and Shaw's addition to the village of Janesville, according to the provisions of "An act to provide for recording town plats." *Territorial Rev. Stat.*

2. That there was no street 70 links in width legally laid out in the rear of lots 1 and 2 of Pixley and Shaw's addition to the village of Janesville.

3. That there is an alley 25 links in width, and not a street 70 links in width, in the rear of said lots 1 and 2.

4. That the language of the description on the back of the plat of Pixley and Shaw's addition, " The streets connecting 5th street with Glen street," applies to Main street, and does not describe a street in the rear of lots 1 and 2.

5. That if by the plat of Pixley and Shaw's addition to the village of Janesville, a street connecting 5th and Glen streets is laid out, it extends to the section line between sections 25 and 36, and is, therefore, not legally constituted a street, for want of a proper description of its course and distance.

6. That the words on the back of the plat, " The streets all run parallel to the boundaries of the plat, and are each one chain in width, with the exception of the street connecting 5th street with Glen, which is 70 links wide," is not sufficient giving of the width, courses, boundaries and extent of 5th street, and of Glen street, and of the street 70 links in width, connecting 5th and Glen streets, to pass the land of said streets under the territorial " Act to provide for recording town plats."

Which instructions the court refused, and the plaintiff excepted to the ruling of the court. Verdict and judgment for the defendant.

*S. A. Hudson,* for plaintiff in error.

*J. C. Sloan,* for defendant in error.

*By the Court,* COLE, J. We see no error whatever in the ruling of the Circuit Court in this case. We think there can be no

kind of doubt about there being upon the plat of Pixley and Shaw's addition to the village of Janesville a street designated and marked as "5th street." The plat most clearly shows that it was intended there should be a street where those words are written, and the fact that those words happened to have been a little outside of the real boundaries, as marked upon the plat, certainly does not justify the inference that they were not to apply to the street within the addition. It is quite immaterial, in our judgment, whether those words were written outside or inside the boundary of the addition, since they are written there to mark the whole street. And, besides, it may be remarked that 5th street is particularly referred to in the description upon the back of the plat, and referred to in a way showing that it is a street upon the addition, as we understand it.

Upon an examination of the plat, and the description on the back thereof, there would seem to be as little room to doubt that there was a street legally laid out, in the rear of lots 1 and 2 of that addition, of 70 links in width. The addition is platted according to a given scale, mentioned in · the description, and on the face of the plat. The figures "70" are placed in the street which extends to the rear of these lots, while the figures "25" are placed on the alleys, which all concede are 25 links wide. The street in which the former figures are placed is also proportionally wider than the alleys in which the latter figures are placed. It is incredible that a competent surveyor would have made so glaring a mistake in his plat, and, moreover, write the figures "70" where they are to have no meaning, if the construction contended for by the plaintiff in error is to be adopted.

Again; it is supposed there is some uncertainty in that part of the description on the back of the plat which reads as follows: "The streets all run parallel to the boundaries of plat, and are each one chain in width, *with the exception of the street connecting 5th street with Glen street, which is 70 links wide ;*" and it is insisted that the latter clause of this description applies to that portion of Main street which lies between Glen and 5th streets. But there are insuperable difficulties connected with that view of the case; but perhaps it is not necessary to refer to them

Ely vs. Bates.

further than we have in the observations already made. The fair, reasonable and natural construction to be put upon this description is, as it seems to us, to hold that it applies to the street in the rear of lots 1 and 2.

We likewise consider the language above quoted sufficiently clear and explicit as to the width, extent and direction of the streets laid out upon the addition. We do not apprehend that there could be the least difficulty in tracing them, or in determining their limits, and if so, that was all that was essential to regard in giving a description of them.

We consider that the original plat of the village of Janesville, offered in evidence by the plaintiff in error, was properly ruled out, on the ground of immateriality.

The judgment of the Circuit Court is affirmed, with the costs of the clerk, and necessary disbursements, according to the stipulation of the parties.