Jarstadt vs. Morgan.

---

JARSTADT vs. MORGAN.

*December 20, 1879 — January 7, 1880.*

| 48 | 245 |
| 98 | 283 |
| 98 | 287 |

*(1)* ESTOPPEL *to deny validity of record of village plat. (2) When grantee of lot in unrecorded village plat takes to the center of street.*

1. In ejectment, lands conveyed to plaintiff (including that in dispute) being described in his deed by reference to corners and lines in a village therein named, he offered in evidence the *record* of the plat of said village (instead of the original plat), "for the purpose of proving the locality of the premises described in the complaint." *Held*, that he was thereby estopped to deny the *validity* of the record, and its legal effect as a dedication of streets.

2. When the owner of the land laid out into blocks and lots bounded by what are represented, on an unrecorded or defective plat, as streets, conveys a lot, referring in the deed to the plat as containing the true description of the premises, his grantee takes, as against the grantor and his assigns, to the center of the street upon which the lot abuts. So *held* in a case where the deed referred to the plat as " on record," and it was in fact recorded, though not entitled to record.

Jarstadt vs. Morgan.

APPEAL from the Circuit Court for *Manitowoc* County.

Ejectment. Defendant appealed from a judgment in favor of the plaintiff. The case is sufficiently stated in the opinion.

For the appellant, there was a brief by *Nash* and *Schmitz*, and oral argument by *Mr. Nash:*

1. Both the deed under which plaintiff claims, and that under which defendant claims, refer to the village plat of Clark's Mills; and defendant's deed was duly recorded several years before plaintiff's was executed. Therefore, not only did defendant acquire title to the south half of River street, but the plaintiff made his subsequent purchase with notice of that fact. *Hegar v. C. & N. W. Railway Co.*, 26 Wis., 624; *Weisbrod v. Same*, 21 id., 602; *Pettibone v. Hamilton*, 40 id., 402; *Dillman v. Hoffman*, 38 id., 559; *Salter v. Jonas*, 39 N. J. L., 469; 18 Wis., 35; 37 id., 662; 105 Mass., 328; 109 id., 292; 114 id., 577; 120 id., 349; 37 Conn., 229; 8 Bush (Ky.), 679; 9 id., 137; 10 R. I., 437; 37 Mo., 18; 49 id., 100. 2. The plaintiff, having himself offered the record of the plat in evidence, is estopped to say that it was not duly recorded. 1 Greenl. Ev., § 571; Bigelow on Estop., 609, 610. 3. Where a proprietor of lands makes and records a plat of the same, dividing them into village lots, and bounding the lots upon streets represented on such plat, and afterward conveys portions of the land by reference to the recorded plat, his grantee takes to the center of the streets bounding the land conveyed, although such plat is not entitled to record. *Simmons v. Johnson*, 14 Wis., 523; *Warden v. Blakley*, 32 id., 690; *Fox v. Union Sugar Refinery*, 109 Mass., 292.

For the respondent, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner.* To the point that the record of the village plat, not properly certified, was incompetent evidence for the purpose of establishing a legal dedication, they cited R. S. 1849, ch. 41; *Vilas v. Reynolds*, 6 Wis., 214; *Gardiner v. Tisdale*, 2 id., 153; *Emmons v. Milwaukee*, 32 Wis., 434.

COLE, J.  The land which the plaintiff seeks to recover in this case, is a strip laid out and designated on the plat of the village of Clark's Mills as "River street." The defendant owns lots in block 1, abutting on the north on this street. Both parties claim under conveyances from Stephen S. Clark, one of the original proprietors, who made the plat. On the part of the plaintiff it is said that the plat was not properly certified and acknowledged so as to entitle it to record, and therefore did not operate as a grant of the land to the public for a street, and that he took the same under his conveyance. Both the deeds under which the parties claim the premises refer to the village plat. The defendant's deed conveys lots 1, 2, 3 and 4 in block 1, " according to the Clark's Mills village plat on record." In the plaintiff's conveyance the second course and distance describing the land is to commence " at the northwest corner of a piece of land heretofore deeded to Mary Carr; thence easterly, on the north line of said Carr land, to the northwest corner of lot 11, block 1, in the village of Clark's Mills, on the south side of the Manitowoc river, about 22 rods; thence northerly on the west line of said block 1 to the northwest corner thereof, being 20 rods; thence easterly on the north line of said block 1 about twenty rods, to the center of Main street; thence northerly," etc.

The record states that the plaintiff, for the purpose of proving the locality of the premises described in the complaint, offered in evidence *the record of the plat of the village of Clark's Mills.* Undoubtedly, under the decisions of this court, this plat could be resorted to for the purpose of identifying the land conveyed (*Vilas v. Reynolds*, 6 Wis., 214; *Simmons v. Johnson*, 14 Wis., 524; *Fleischfresser v. Schmidt*, 41 Wis., 223); but in this case the plaintiff, in order to explain his deed and establish his title to the strip in question, introduced the record of the plat. Under these circumstances, the plaintiff himself having relied upon the record to establish his title, his proof being fatally defective without the record, the

question arises whether, when the defendant relies on the same record to show that there was, upon the north side and adjoining his lots, a street or highway, the plaintiff is in a position to say that the record is incompetent to prove that fact. It seems to us that he is estopped from taking the objection. Unless this is so, the plaintiff in effect says to his adversary: This record produced by me is sufficient for my purpose; it is good to establish my title to the premises; but it can prove nothing in your favor, because the original plat was not so certified and acknowledged as to entitle it to record. Of course, the plaintiff might have produced the plat itself to make good his title, and not have resorted to the record. But this he did not see fit to do, but put the record itself in evidence to make good his case. He must now stand by that record for whatever it tends to prove. That this record tends to show that the original proprietors intended there should be a street adjoining the defendant's lots on the north, which is called on the plat " River street," is a fact that is indisputable.

Further, it appears by the village plat that a certain quantity of land was surveyed and divided into blocks by the proprietors, and that block 1 was subdivided into lots. There were likewise streets laid out and named, which were fully described on the plat.

It does not appear that Mary street on the west and River street on the north of defendant's lots were ever opened and used by the public as highways. But it is absolutely essential for the enjoyment of lots 2 and 3, that River and Mary streets should be open to the full extent of the block for passage-ways. Now upon the facts of this case we are disposed to adopt this rule, namely: Where the owner of a tract of land, which is laid out into blocks and lots that are bounded on what are represented on an unrecorded or defective plat as streets, conveys lots, referring to the plat as containing the true description of the premises, thus making the plat

Jarstadt vs. Morgan.

a part of his deed, the grantee will take to the center of the street abutting on his lots, as against his grantor or assigns. It may well be that such grantee would not only take the fee to the center of such streets, but would also acquire the right to use all passage ways or streets on which his lots were bounded, and which were thus represented on the plat, as would enable him to reach the public ways in either direction, provided his grantor's title extended thus far. It is not necessary to decide this last point in this case, and it is not decided; but we are clear that, upon the facts of the case, the defendant must be deemed to take, under his deed, to the center of River street on the north. There is no doubt that this would be the extent of his rights if the plat had been properly certified and acknowledged, so as to entitle it to record and operate as a conveyance of the streets to the public. But there is the same reason for applying the estoppel, as against the grantor, where the lots conveyed were bounded on the north by River street "according to the village plat on record," which is referred to in the deed as containing a description of the estate granted.

The cases of *Ely v. Bates*, 5 Wis., 467; *Sanborn v. The C. & N. W. Railway Co.*, 16 Wis., 20; *Weisbrod v. Same*, 18 Wis., 35; *S. C.*, 21 Wis., 602; *Warden v. Blakley*, 32 Wis., 690, illustrate with what liberality this court has applied the doctrine of dedication for public use as a highway in case of recorded plats which purport to show by lines and figures the location and width of streets. See also *Fox v. The Union Sugar Refinery*, 109 Mass., 292.

It is proper to remark that this case differs essentially in its facts from *Van Valkenburgh v. The City of Milwaukee*, 30 Wis., 338; *Emmons v. The Same*, 32 Wis., 433, and *Fleischfresser v. Schmidt, supra*. In the two former cases, the contention was that there had been a dedication to the public use by virtue of plats which were introduced in evidence; but this view was not sustained, for reasons stated in the opinions.

It is unnecessary to dwell upon those cases further than to observe that no streets were marked and designated upon the plats as in the cases before us.   The same is true in regard to the strip in controversy in *Fleischfresser v. Schmidt;* the plat did not mark or designate it for a street or alley, and the ruling there made is not in conflict with the views above expressed as to the effect of the conveyance made by Stephen S. Clark to the defendant.

The learned circuit court held that the plaintiff was the owner of all of River street and entitled to the possession thereof.   According to our construction of the plat and deed under which the defendant claims, this was incorrect.   The defendant took to the center of River street opposite to his lots, and the judgment to that extent must be modified.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded with directions to enter a judgment in conformity to this opinion.