Hillsborough, }
March 3, 1908. }

MANCHESTER *v.* HODGE *& a.*

Where a deed of land refers for a boundary to a street not actually existing at the time, but which is surveyed shortly afterward in substantial accordance with the terms of the conveyance, it will be presumed that the line shown by the survey was the one the parties had in mind, in the absence of evidence tending to prove a contrary intent.

A private individual cannot acquire rights against the public by adverse possession.

CASE, for obstructing a private way. Transferred from the May term, 1907, of the superior court by *Stone*, J., upon an agreed statement of facts.

The plaintiff city and the defendants derive title from the Amoskeag Manufacturing Company. In 1841 that corporation

deeded a tract of land to the city for a public cemetery, the material part of the conveyance being as follows: "Thence westerly . . . to Willow street; thence northerly on the easterly line of Willow street thirteen hundred feet, said line being parallel to and two hundred and seventy-five feet easterly of the east line of Elm street." In 1873 the corporation deeded land to the defendant Hodge, the material part of the conveyance being "easterly on Willow street, there measuring two hundred and twenty feet," and in 1892 deeded land to the Head & Dowst Company, who are also defendants, the material part of the last conveyance being as follows: "Thence northerly parallel with said Elm street by said westerly line of Willow street four hundred and ninety feet, to the southerly line of Summer street."

The way in dispute is that part of Willow street lying between the land of the city and that of the defendants. It has never been laid out as a highway, and the defendants have occupied and claimed to own it ever since they purchased their respective tracts. In 1843 the Amoskeag Company made a plan of this section of the city, which shows Willow street substantially as claimed by the plaintiffs.

*Taggart, Tuttle, Burroughs & Wyman, George A. Wagner*, and *David Cross*, for the plaintiffs.

*Burnham, Brown, Jones & Warren*, for the defendants.

YOUNG, J. The deed to the city bounds the cemetery on the west by the easterly line of Willow street, and says that it is a line " parallel to and two hundred and seventy-five feet easterly of the east line of Elm street." If this language is given its ordinary meaning, Willow street had been surveyed at that time. The defendants contend, however, that since the case does not show when the Amoskeag Company surveyed this part of their land, it must be held that the parties intended to bound the cemetery on the west by a line two hundred and seventy-five feet easterly of the east line of Elm street. There is no evidence to sustain this contention. As has been seen, the language used by the parties tends to prove that Willow street was a known monument at the time the deed was made, and there is nothing in the case to rebut this presumption. But even if Willow street had not been laid out at the date of the deed, it was so soon thereafter that, in the absence of all evidence that such was not the intent of the parties, it must be held that it was the bound the parties had in mind when the conveyance was made. *Lerned* v. *Morrill*, 2 N. H.

197; *Berry* v. *Garland*, 26 N. H. 473, 482; *Wells* v. *Iron Co.*, 48 N. H. 491.

It follows that the legal title to one half of Willow street, with the right to use the whole of it for any purposes for which a way to the cemetery could be used, at one time was and still is vested in the city as trustee for the public, unless the defendant Hodge has by prescription acquired the fee to that part of it which lies between his lot and the cemetery. Whether or not he has so acquired title depends upon whether one can acquire rights against the public by adverse possession; and in this state it is held that public rights cannot be lost in that way. *State* v. *Company*, 49 N. H. 240; *Thompson* v. *Major*, 58 N. H. 242, 244; *Collins* v. *Howard*, 65 N. H. 190, 192; *Concord Mfg. Co.* v. *Robertson*, 66 N. H. 1, 19.

*Case discharged.*

PEASLEE, J., did not sit: the others concurred.