LOUD *v.* BROOKS.

1. BOUNDARIES—FEE PASSES TO CENTER OF STREET.
    A conveyance of land bounded upon an accepted and opened public highway, street, or alley will pass to the grantee and his assigns the fee to the center of the highway, street, or alley provided the grantor owns to the center and there are no words in the deed showing a contrary intention.

2. DEEDS—REFERENCE TO PLAT—STREET OR ALLEY AS BOUNDARY.
    When a conveyance refers to a map or plat, recorded or not recorded, as a plat, which represents lots as bounded by a street or alley and describes the lots conveyed by their numbers, such description is equivalent to express language in the deed giving the street or alley as a boundary.

3. BOUNDARIES—FEE PASSES TO CENTER OF UNACCEPTED ALLEY.
    In view of 1 Comp. Laws 1915, § 3355, giving to the owner of a lot bordering on a street or alley, opened or unopened, title to the center thereof, upon its vacation, a conveyance of lots bordering on an alley, describing them by number according to the recorded plat, passed title to the center of the alley, where it was never opened or accepted by the public authorities.

4. SAME.
    A conveyance of land bounded on a highway, street, or alley carries with it the fee to the center thereof, subject to the easement of public way, provided the grantor at the time of conveyance owned to the center and there are no words in the deed showing a contrary intention, whether the dedication of the highway, street, or alley has been accepted or not, and whether it has been opened or not. Overruling in part *Plumer* v. *Johnston*, 63 Mich. 165.

Appeal from Macomb; Reid (Neil E.), J. Submitted October 12, 1927. (Docket No. 98.) Decided January 3, 1928.

¹Boundaries, 9 C. J. § 83; ²Id., 9 C. J. § 92; ³Id., 9 C. J. §§ 98, 100; ⁴Id., 9 C. J. §§ 98, 100; 2 A. L. R. 6; 47 A. L. R. 1276; 4 R. C. L. 78; 1 R. C. L. Supp. 1052; 3 R. C. L. Supp. 250.

Bill by Kate M. Loud against B. Roy Brooks and another to enjoin a trespass on land. Defendants filed a cross-bill to quiet title to said land. From the decree rendered, plaintiff appeals. Affirmed.

*Francis A. Hilton,* for plaintiff.

*Warren S. Stone,* for defendants.

FLANNIGAN, C. J. This is an appeal from Macomb county. The controversy involves the ownership of a strip of land 20 feet wide and 150 feet long shown on the original plat of the village of Romeo as an alley running north and south between lots 3 and 4 on the west and 5 and 6 on the east. It is conceded by all parties the title to the alley strip and the four lots was in one Flora M. Ford on May 10, 1920. On that date she conveyed to defendants by warranty deed:

"All those certain pieces or parcels of land situate and being in the village of Romeo, county of Macomb and State of Michigan, and described as follows, to-wit: Lots three (3) and four (4) in block two (2) and range one (1) east of Main street, and north of St. Clair street, according to a certain plat of said village as recorded in the register of deeds' office for said county."

On April 17, 1922, she conveyed the alley strip to plaintiff by warranty deed. When she purchased, plaintiff had both actual and constructive notice of the conveyance to defendants. The alley was never accepted by the village or used as an alley by any one. With the four lots described it was inclosed by a fence and formed a part of the homestead occupied by Mrs. Ford and by those in her chain of title for upward of 70 years. Such rights in the alley, if any, as remained in the proprietor of the plat through the failure of the village to accept his offer of dedication, were acquired by those in Mrs. Ford's chain of title by adverse possession. Defendants claimed ownership of the entire alley under a memorandum of purchase

signed by Mrs. Ford about two years prior to the execution of the deed to them. The description in the memorandum was by metes and bounds and was inclusive of the alley strip. The question of ownership was raised by bill filed by plaintiff and cross-bill filed by defendants. The result was a decree giving defendants the westerly half of the strip. From the decree plaintiff appealed.

The claim of ownership by defendants of the entire alley strip needs no discussion. Recognition of that claim was refused by the court below and from its decree defendants have not appealed. Moreover the record is quite persuasive the claim is without merit in fact or law.

The controlling question is whether the deed to defendants included the west half of the alley. It is a rule of universal recognition that a conveyance of land bounded upon an accepted and opened public highway, street, or alley will pass to the grantee and his assigns the fee to the center of the highway, street, or alley provided the grantor owns to the center and there are no words in the deed showing a contrary intention; and, further, that when a conveyance refers to a map or plat, recorded or not recorded, as a plat, which represents lots as bounded by a street or alley and describes the lots conveyed by their numbers, such description is equivalent to express language in the deed giving the street or alley as a boundary. *Scudder* v. *City of Detroit,* 117 Mich. 77; *Snoddy* v. *Bolen,* 122 Mo. 479 (24 S. W. 142, 25 S. W. 932, 24 L. R. A. 507); 2 A. L. R. 6, note; 9 C. J. p. 195. The reasons for the rule are concisely stated in 9 C. J. p. 197. *Vide,* also, 2 A. L. R. 11. But as to whether such a deed carries to the center of the street or alley or only to the side line of the lot if the street or alley was not accepted or opened when the conveyance was made, judicial opinion is not quite unanimous. This court said in *Plumer* v. *Johnston,* 63 Mich. 165:

. "The doctrine is well established that the grantee of a lot bounded upon a street or other highway takes to the center of such street, subject only to the public easement, unless something appears upon the plat, or in the terms of the conveyance, excluding the title from passing under a boundary so described. But this doctrine is limited, and is applied to actual highways, and not to mere paper highways."

The "actual" highway limitation approved in the *Plumer Case* is not in harmony with the great weight of authority. Our research has been fruitful in discovering but two cases giving it unqualified support. They are *Hopkinson* v. *McKnight,* 31 N. J. Law, 422, and *Southerland* v. *Jackson,* 30 Me. 462 (50 Am. Dec. 633). Among the cases holding the opposite doctrine are *Paine* v. *Storage Co.,* 71 Fed. 626, 19 C. C. A. 99; *Harrison* v. *Augusta Factory,* 73 Ga. 447; *Johnson* v. *Arnold,* 91 Ga. 659 (18 S. E. 370); *Hamilton* v. *Railroad Co.,* 124 Ill. 235 (15 N. E. 854); *Stark* v. *Coffin,* 105 Mass. 328; *Manchester* v. *Hodge,* 74 N. H. 468 (69 Atl. 527); *Miner* v. *New York,* 37 N. Y. Super. Ct. 171; *Bissell* v. *Railroad Co.,* 23 N. Y. 61; *Clark* v. *City of Providence,* 10 R. I. 437; *Pettibone* v. *Hamilton,* 40 Wis. 402; *Jarstadt* v. *Morgan,* 48 Wis. 245 (4 N. W. 27); *Andrews* v. *Youmans,* 78 Wis. 56 (47 N. W. 304).

Section 3355, 1 Comp. Laws 1915, provides that upon vacation of a street or alley the same shall be attached to the lot or ground included in the plat and bordering on such street or alley and in cases where the land on either side is owned by different people that the title to the vacated street or alley shall vest in each such owners to the center of the street or alley. The vacation statute which makes no distinction between streets and alleys, opened or unopened, reveals legislative recognition of the propriety and justice of the rule that gives the owner of a lot bordering on a street or alley, opened or unopened, title to the center.

To the extent it ingrafted on the general rule the "actual" highway limitation, we are of opinion the *Plumer Case* was wrongly decided. It is not in harmony with legislative thought and action at home nor with the clear weight of judicial opinion elsewhere. Neither is it founded on any good reason advanced or discoverable. It concedes the lot owner a way to and from his premises but, unless and until the dedication is accepted, it denies him the right of making any further or other use of the soil of the street on or beneath the surface. There is no more reason to presume the intention in the grantor to withhold the fee of an unopened street after conveying all his right and title to the adjoining lands than there would be if the street was opened. It is quite impossible to infer a different intention in the one case from that which the law has settled shall be inferred in the other.

We hold the correct rule to be that a conveyance of land bounded on a highway, street, or alley carries with it the fee to the center thereof, subject to the easement of public way, provided the grantor at the time of conveyance owned to the center and there are no words in the deed showing a contrary intent, whether the dedication of the highway, street, or alley has been accepted or not, and whether it has been opened or not. In so far as it may not accord with the rule here announced, *Plumer* v. *Johnston, supra,* is over-ruled.

The decree of the court below will be affirmed, but without costs to either party.

FELLOWS, WIEST, CLARK, MCDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.