DICKENS v GORDON

1. ADVERSE POSSESSION—ELEMENTS—STATUTORY PERIOD.

   The elements necessary to gain title to property by adverse possession are that the possession must be for the statutory period of 15 years and must be actual, hostile, open and notorious, continuous, and exclusive (MCLA 600.5801).

2. ADVERSE POSSESSION—STATUTORY PERIOD—TACKING OF PERIODS—PERMISSIVE USER.

   A claim of adverse possession, which for purposes of attaining the statutory period depends upon tacking on the claimant's predecessor's period of possession, must fail where the predecessor acknowledges that he did not own the property and that he had used it with the owner's permission.

3. REAL PROPERTY—CONVEYANCES—LAND ABUTTING STREET—OWNERSHIP IN FEE—DEEDS.

   A conveyance of land abutting a street carries with it the fee to the center of the street provided the grantor owned to the center and there are no words in the deed showing a contrary intention; application of this principle was erroneous, however, where the evidence indicated that a purchaser knew his lot did not extend to and thus abut a street, and where the deeds involved were not ambiguous and showed that the property involved did not abut the street.

4. REAL PROPERTY—TITLE—ESTOPPEL—FRAUD.

   Title to real property cannot pass on an estoppel theory in the absence of fraud.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 March 5, 1975, at Lansing. (Docket No. 19954.) Decided May 29, 1975.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur 2d, Adverse Possession § 6 *et seq.*
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 157.
   63 Am Jur 2d, Property § 44.
[4] 63 Am Jur 2d, Property § 31 *et seq.*

Complaint by Floyd A. Dickens and Clara Dickens against Thomas A. Gordon and Mary Gordon for a determination of ownership of land. Judgment for plaintiffs. Defendants appeal. Reversed.

*Walker, Watts, Timms & Sheridan,* for plaintiffs.

*Robertson, Bartlow & Des Chenes, P. C.,* for defendants.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

BASHARA, J. This appeal involves a controversy concerning the ownership of an 18- to 27-foot strip of land closely bordering a small street in Lenawee County. The court following a bench trial found plaintiffs the owners and defendants appeal.

Mr. Arthur Finch, plaintiffs' and defendants' common grantor, in 1954 planned to develop a housing subdivision. With that intention, Mr. Finch submitted a tentative plat for approval to local authorities.[1] The plat was rejected. To avoid the requirements of the plat act, he decided to sell a few parcels a year. He sold lot number 4 to one Wayne Bowerman, plaintiffs' predecessor in interest, in 1954.

The tentative plat showed Azalea Drive to be 60 feet in width but when constructed it was about 18 feet, leaving 18 to 27 feet between lot number 4 and the road as constructed. A survey of lot 4 was made and the original stakes are still intact. Plaintiffs purchased Bowerman's home in 1958 and in 1960 purchased the adjoining lot.

Defendants purchased lots 2, 5, 8, 9, 10, 11, and

---

[1] We shall refer to all the properties by lot number for the purposes of clarity. However, it must be understood that all conveyances were made by a metes and bounds description.

12 in 1969. Their deed included Azalea Drive and the 60-foot proposed right-of-way as was indicated on the tentative plat. Defendants do now and had always recognized plaintiffs' right to ingress and egress from their property onto Azalea Drive. Plaintiffs commenced this action on July 10, 1972.

The trial court in its written opinion found plaintiffs were the owners of the disputed strip of land. The judge held (1) that plaintiffs acquired title by adverse possession; (2) that plaintiffs' property abutted Azalea Road, thus plaintiffs owned to the center of the road; and (3) that defendants were estopped from asserting their ownership. We shall discuss each finding *seriatim.*

The elements necessary to gain title to property by adverse possession in Michigan were long ago settled. Possession must be for the statutory period[2] which is actual, hostile, open and notorious, continuous and exclusive. *Ennis v Stanley,* 346 Mich 296; 78 NW2d 114 (1956), *Cook v Clinton,* 64 Mich 309; 31 NW 317 (1887). In *De Hollander v Holwerda Greenhouses,* 45 Mich App 564, 570; 207 NW2d 187 (1973), it was stated:

"The fact that plaintiffs used portions of the strip is not determinative, since the use was permissive. Peaceful occupation or use by permission cannot ripen into title by adverse possession regardless as to the extent of the period. (Citations omitted.)"

Plaintiffs' claim of adverse possession on lot number 4 is wholly dependent on tacking Mr. Bowerman's possession on to their own. Bowerman in his deposition introduced at trial acknowledged Mr. Finch's ownership of the disputed strip and stated he used it with Finch's permission. In view

---

[2] The statutory period under MCLA 600.5801; MSA 27A5801, is 15 years.

of this, plaintiffs' claim of adverse possession on lot number 4 is untenable. Plaintiffs did not assert ownership of the disputed strip in front of lot number 3 until they purchased it in 1960. Thus, plaintiffs did not possess the adjoining lot for the statutory period.

The court next found that plaintiffs' land abutted Azalea Drive and thus they owned to the center of the road.

Plaintiffs at trial and on appeal have relied extensively on *Loud v Brooks,* 241 Mich 452; 217 NW 34 (1928). In that case it was held a conveyance of land abutting a street carries with it the fee to the center of the street provided the grantor owned to the center thereof and there are no words in the deed showing a contrary intention. This rule applies regardless of whether the street has been dedicated and/or whether the street has been opened.

The general principles announced in *Loud v Brooks, supra,* are almost universally accepted. Michigan case law, as well as the case law from other jurisdictions, clearly recognizes that before this doctrine can be applied, the property must actually abut a street, alley or highway. In 12 Am Jur 2d, Boundaries, § 39, p 580, a discussion of the doctrine at issue can be found. In that section it is stated that "[T]he correct general conclusion to be drawn quite clearly is that the rule which ordinarily carries title to the center line applies if the land does in fact bound on the highway".

In this cause plaintiffs must demonstrate their property in fact abuts Azalea Drive. The tentative plat showed plaintiffs' land was to abut Azalea Drive, however its actual placement resulted in an 18- to 27-foot gap between plaintiffs' eastern lot line and Azalea Drive. Mr. Bowerman's deposition

introduced into evidence at trial indicates that he knew lot number 4 did not extend to the edge of Azalea Drive. His testimony clearly shows that when he purchased the lot and after it was surveyed, he was aware of the 18- to 27-foot gap. There was no misunderstanding between Mr. Bowerman and Mr. Finch concerning the lot line's location in relation to Azalea Drive. Plaintiff husband testified on cross-examination that his lot does not extend to Azalea Drive. Since the deeds given in this case were not ambiguous and there was no misunderstanding, we hold the deeds given and the actual placing of Azalea Drive governs the boundaries' placement. If the conveyances referred to the tentative plat as bounded by the street our holding would be different. However, since this is not the case, we find the trial court erred in applying the rule of *Loud v Brooks, supra.* Plaintiffs' property does not in fact abut Azalea Drive.

The trial court next found that defendants were estopped from claiming ownership of the land in question. In Michigan title to real property cannot pass on an estoppel theory in the absence of fraud. *Bentley v Cam,* 362 Mich 78; 106 NW2d 528 (1960), *Nowlin Lumber Co v Wilson,* 119 Mich 406; 78 NW 338 (1899). When defendants purchased their property, the court found, they were on inquiry notice that plaintiffs' and defendants' common grantor intended to give plaintiffs more than access to Azalea Drive. We find that defendants may have possibly been improvident in not first becoming informed of the situation. However, we find no fraud on defendants' part nor do we find fraud on the part of their grantor, Mr. Finch.

This panel has labored over the issues presented in this cause, partly because both plaintiffs' and defendants' positions have merit. We believe, how-

ever, that when plaintiffs purchased from Bower-man it was their obligation to investigate where their property lines extended. The failure to do so has caused the instant controversy. We are constrained, based on the issues before us, to hold that the trial court erred in finding that plaintiffs were legal owners of the strip of land in dispute.

Reversed, costs to defendants.