## BRADSHAW v. TREAT.

In an action for the recovery of a portion of a tract of land, both parties relying on possession, and the defendant proving a prior possession by. actual enclosure of the entire tract, it was error to instruct the jury that the defendant's possession was not valid, unless in conformity with the pre-emption laws of the United States, or the possessory law of this State.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff brought his action to recover thirty acres of land, forming a part of the tract known as the "Protrero," and proved a possession in 1852 or 1853. The defendants, Treat & Dyson, proved that they were in possession of the whole tract in 1849 or 1850, and had it enclosed with a wall, and used it for a pasture.

Neither party asserted title. The Court, among others, gave the jury the following instructions :

" 2d. The fact that Treat or Dyson pastured cattle over the tract in . controversy, of itself constitutes no actual possession of the premises, and establishes no valid claim to pre-emption of the same, under the Acts of Congress of the United States, or the laws of California.

" 3d. That unless defendant actually entered upon, and enclosed by some distinctive metes and bounds, this piece of land, and made improvements thereon of the value of. at least $200 within three months after such entry, they have no legal or valid possessory claim under our statute; and if they had enclosed the same, and made the improvements of the value of $200, but had abandoned the same for more than three months before plaintiffs' entry, the claim of defendants is forfeited and void."

The jury found a verdict for plaintiff, and defendants appealed.

*Fenner & Tyler* for Appellants.

*Chas. Halsey* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The second, third and fourth instructions of the Court, are erroneous, as applied to the case made on the trial below. The plaintiff declares in ejectment, and the defendant relies upon his prior possession, which must prevail, except where paramount title is shown in the plaintiff; hence the instructions of the Court upon the subject of possessory claims under the laws of this State, as well as pre-emptions under the Act of Congress, had nothing to do with the case.

The evidence shows that the defendants were in possession in 1849 or 1850, having the whole of the premises enclosed by a wall; that they used the land so enclosed for pasture. This was as legitimate a purpose as any other that it could have been devoted to, and certainly,

taken in connection with the enclosure, was sufficient as against any subsequent intruder or trespasser.

Judgment reversed, and new trial ordered.