## DONOHOO vs. MURRAY.

*December 18, 1884 — January 13, 1885.*

*Sale of lot marked on unrecorded plat: Use of street: Estoppel.*

If the owner of land plats the same into lots and streets and sells a lot designated upon such plat for a consideration affected by its location upon a street, also marked upon such plat, he is estopped, although the plat is not recorded, from depriving the purchaser of the use of such street.

APPEAL from the Circuit Court for *Grant* County.

Action of trespass *quare clausum*. The answer admits the doing of the acts complained of but alleges that the *locus in quo* was a "street or public highway, or ground

over which defendant has an easement or right of way," etc. The facts will sufficiently appear from the opinion. There was a verdict and judgment for the plaintiff, and the defendant appealed.

For the appellant there was a brief by *A. W. & E. W. Bell*, and oral argument by *Mr. A. W. Bell*.

For the respondent there was a brief by *Carter & Cleary*, and oral argument by *Mr. Carter*.

ORTON, J. In 1874 the respondent employed a surveyor, and laid out a plat of the village of St. Rose on land he owned, and had an unfinished paper plat made of the same. In 1875 he sold and deeded to the appellant lot 1, so marked on said plat, by metes and bounds, of 126 feet long and 60½ feet wide, in square form. On the plat there is a highway on the east side of said lot, and a street on the north side, making the lot a corner lot, and the respondent, about that time, sold to one Conlon a lot of 132 feet square, north of said street, and he opened the street between said lots, and it was jointly used by the defendant and Conlon for a considerable length of time, and by others, as a street. The defendant built a barn on the northwest corner of the lot next to said street, and used the street for access thereto. The appellant testified that he bought the lot in view of the street on the north of it, and of its being a corner lot, and that the respondent showed him the lot, and told him that there was a street on the north side of it. This testimony was not positively disputed by the plaintiff, and the plat was in evidence, and the respondent testified that it was the plat of the intended village of St. Rose. After the description of the premises in the deed of the respondent to the appellant there is inserted the following clause: "Intending to convey lot one (1) in the village of St. Rose, Grant county, Wisconsin." The respondent fenced up the street on the north side of the appellant's lot, as it appears upon the plat,

and the appellant removed the fence, and this is the trespass complained of in this action.

The court instructed the jury that "if the owner did not dedicate said strip of land to the public generally, but restricted the use of said strip to a few persons living on the adjoining lands, there was no such absolute dedication of the strip of land to the public use as would constitute it a public highway," and submitted the question to the jury whether the strip in dispute was a public highway as the criterion and test of the defendant's liability, and the jury found for the plaintiff. The court refused to instruct the jury, as requested by the appellant's counsel, "that if the owner of a piece of land lays it out into lots and blocks, with streets and alleys, and then sells off a lot, bounding the lot by one of the designated streets, then the purchaser of this lot will acquire a right to have the street remain open for street purposes whether it is so mentioned in the deed or not." This instruction was inapplicable to the case as to blocks and alleys, for there were none marked on the plat, and the lots only were marked and numbered thereon; but that was immaterial to its substance and effect. It is quite clear, from the undisputed evidence and the descriptions in the deed, that the appellant purchased, and the respondent sold to him, this tract of land as a lot bounded on the north by the tract in dispute as a street, in reference to a map then existing, but not recorded, on which they are so designated; and that the fact of its being a corner lot, No. 1 on said plat, and lying along said street, was an inducement of the purchase, and that the street was used by the appellant for a number of years in connection with his lot, and to some extent by the public also, as a street or highway, and was opened by the respondent soon after the purchase for such use.

The circuit court erred in the instruction given and in refusing to charge as requested, in ignoring the doctrine of

Donohoo vs. Murray.

estoppel in such a case, and in making the issue depend wholly upon the doctrine of dedication of the strip in dispute to the public as a highway by a duly acknowledged and recorded plat. When land is so divided into lots, and a plat made, and the lots and streets marked thereon, and the owner sells a lot so designated in reference to a street adjoining, also so designated on the plat, and for a consideration evidently affected by its situation as a lot on a public street, he is estopped from depriving the purchaser of the use of the street. He, at least, has an easement in such street to be enjoyed in connection with the lot, of which the grantor cannot deprive him, whether the public have an easement therein as a public highway or not. *Weisbrod v. C. & N. W. R'y Co.* 21 Wis. 602, and cases cited in the opinion. *Gardiner v. Tisdale*, 2 Wis. 153; *Kimball v. Kenosha*, 4 Wis. 321; Bigelow on Estop. 306, and *Parker v. Smith*, 17 Mass. 413; *White v. Smith*, 37 Mich. 291; *Fox v. Union S. Refinery*, 109 Mass. 292, and numerous other cases cited in note to the text that "if the parties to a deed bound the land conveyed upon a street, they are, in an action concerning the boundary of the land, estopped to deny the existence of the street;" and where the fact "that the lot fronted upon two ways, which would always be kept open, probably entered much into the consideration of the purchase, [they] could not be shut, without a right to damages to the grantee or his assigns." *Bartlett v. Bangor*, 67 Me. 460, is closely in point. *Bissell v. N. Y. C. R. R. Co.* 23 N. Y. 61; *Tallmadge v. East River Bank*, 26 N. Y. 105; *Fisher v. Beard*, 32 Iowa, 346. The instruction asked should have been given, as substantially the correct statement of the law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

LYON, J., took no part.