# CASES DETERMINED

## *January Term, 1887.*

### KELLEY, Respondent, vs. McKEON, Appellant.

*December 14, 1886 — January 11, 1887.*

*Ejectment: Proof of title: Limitation of actions: Adverse possession under written instrument.*

1. In ejectment the plaintiff must recover, if at all, upon the strength of his own title and not upon the weakness or want of title in the defendant.
2. One R. conveyed land to Mrs. F. who lived thereon for a time. After her death her husband conveyed the land by warranty deed to the defendant, who went into possession claiming title under such deed, and remained in possession for more than ten years before the plaintiff, claiming under the children and heirs of Mrs. F., brought this action of ejectment. It was not shown that R., Mrs. F.'s grantor, ever had any title or possession, nor was it shown for how long a time Mrs. F. had held possession nor under what title or right she claimed to have entered. *Held*, that upon the above facts the plaintiff could not recover.

APPEAL from the Circuit Court for *St. Croix* County. The case is thus stated by Mr. Justice CASSODAY:

"This action of ejectment was commenced September 3, 1884. The complaint alleged that the plaintiff was the owner in fee-simple absolute of the premises described, and entitled to the immediate possession, which was wrongfully and unlawfully withheld by the defendant. The answer

was a general denial; and alleged that neither the plaintiff, his ancestor, predecessor, nor grantor was seized or possessed of the premises or any part thereof within ten years before the commencement of the action, but that the defendant and her grantor had held and possessed the same adversely to the title of the plaintiff and his grantor for more than ten years before the commencement of the action, under the claim of title in fee exclusive of any other right; that the defendant entered into possession May 18, 1874, under claim of title exclusive of any other right, founding such claim upon a written instrument, to wit, a warranty deed executed and recorded May 18, 1874, from one James Fogarty, who was then the owner, as being the conveyance of the premises; that the defendant had ever since said entry been and continued in the open, notorious, and exclusive occupation and possession under such claim, for more than ten years before the commencement of the action; that the plaintiff's pretended title was based upon deeds from Mary Ann Fogarty's children after her death, the execution of which deeds were denied; that the consideration paid by the defendant to James Fogarty had been expended by him in paying the debts and funeral expenses of his wife, Mary Ann. On the trial the jury returned a verdict in favor of the plaintiff and against the defendant. From the judgment entered thereon the defendant appeals."

For the appellant there was a brief by *Baker & Smith*, and oral argument by *Mr. Smith*.

For the respondent there was a brief signed by *L. P. Wetherby*, *R. H. Start*, and *J. W. Bashford*, and the cause was argued orally by *Mr. Start*.

CASSODAY, J.  May 25, 1857, William Ryan executed and delivered to Mary Ann Fogarty a warranty deed of the premises. That deed was recorded on that day. December 29, 1873, Mary Ann Fogarty died, leaving a husband,

James Fogarty, and seven children, James, Jr., Mary, Kate, Maggie, Jennie, Alice, and another who died about January 1, 1876. Maggie, Jennie, and Alice were each less than twenty-one years of age when this action was commenced. There was evidence tending to show that Mary Ann Fogarty and her husband had occupied the premises prior to 1874; and when the witness, James, Jr., was asked "about how long," he answered: "Oh, I couldn't say how long before that,— many years, I suppose. They were not living on this lot when mother died. They were living on the farm. I don't remember just how long,— some time." The plaintiff claimed title upon the facts stated, and under a warranty deed from said Mary, Maggie, Kate, Jennie, and Alice, as "heirs of the late Mary Ann Fogarty, deceased," to their brother James, executed June 2, 1883, and recorded July 14, 1883, and a warranty deed from the said James, Jr., and wife, to the plaintiff, executed July 3, 1884, and recorded August 13, 1884. There was a considerable controversy, unnecessary to be considered here, as to the execution of the deed by some of the children, and as to whether the deeds under which the plaintiff claimed described the land in question.

Upon the facts thus stated, is the plaintiff entitled to recover as against the defendant,— especially as to the whole absolute title? There is no evidence that Ryan, the grantor of Mrs. Fogarty, ever had any title, or was ever in possession. For a time Mrs. Fogarty lived upon the premises; but under what title or right, if any, she claimed to have entered, or just when such residence commenced or terminated, does not appear. It is fair to presume such residence was some time between her receiving the deed from Ryan and the time of her death. In ejectment the plaintiff must recover, if at all, on the strength of his own title and not from the weakness or want of title in the defendant. *Gardiner v. Tisdale*, 2 Wis. 153; *S. C.* 60 Am. Dec. 407; *Bald-*

*win v. Ely*, 66 Wis. 177. He must establish such title as against all the world, or as against the defendant as a wrong-doer *(Bates v. Campbell*, 25 Wis. 613), or by way of estoppel *(Clarke v. Diggs*, 6 Ired. Law, 159; *S. C.* 44 Am. Dec. 73).

Here there is no claim that the defendant is a mere trespasser or wrong-doer. On the contrary, it stands confessed that she went into the possession of the premises, claiming the title thereof, May 18, 1874, under a warranty deed from James Fogarty, Sr., purporting to convey to her an absolute title of the premises, and that she had remained in such possession ever since; that she received such deed on the purchase of the premises from him, supposing she got a good title, and was to pay him therefor $300, and did pay him, at the time of such conveyance, $200; and she remained in such possession claiming such title for more than ten years before the commencement of this action. It is said that the amended answer admits Mrs. Fogarty to have been the common source of title, and hence that there was no necessity of proving that she had title. We do not so understand the answer. It alleges defects in the plaintiff's chain of title from Mrs. Fogarty, but nowhere claims under her as a source of title. The mere fact that the defendant's grantor had previously been the husband of Mrs. Fogarty did not preclude the defendant from entering into such possession under claim of title exclusive of any other right, founding such claim upon such deed as being a conveyance of the premises in question, as provided in sec. 4211, R. S. In other words, ten years' adverse possession, under that section, by one claiming under such written instrument, gives a perfect title, regardless of the nature of his grantor's title or possession.

Thus, in *Stevens v. Brooks*, 24 Wis. 326, the defendant went into such possession under a warranty deed from one only having the rights of a mortgagee; yet it was held that

such possession became adverse to all the world.    Such entry and claim of title is referred to and measured by the deed under which it is made.    *Ibid.; North v. Hammer*, 34 Wis. 432.    Even such adverse possession for the requisite period under such claim of title founded upon a tax deed void upon its face, has been held to be conclusive.    *McMillan v. Wehle*, 55 Wis. 685; *Meade v. Gilfoyle*, 64 Wis. 24.

Since the evidence fails to establish a chain of title to Mrs. Fogarty, or any common source of · title, the plaintiff is forced to rely wholly upon Mrs. Fogarty's possession for an indefinite time.    This, certainly, was insufficient to give her an absolute title as against the world, under that section.    Besides, when the defendant entered into such adverse possession under the deed from James Fogarty, Sr., May 18, 1874, the plaintiff's immediate grantor, James ˙Fogarty, Jr., was over twenty-one years of age, and hence whatever right to the land descended to him from his mother became absolutely barred before the commencement of this action. True, most of her children were then, and some still are, minors, and the time during which their respective disability continued is not to be deemed any portion of the time limited by said section for the commencement of such action, for each was expressly authorized to commence such action after the time so limited  and within five years after the disability had ceased or may cease.    Sec. 4218, R. S.; *Jones v. Billstein*, 28 Wis. 221.    But Mary, as well as James, had been of age more than five years before the commencement of this action.    Others became of age later.    The plaintiff may be able to prove a good title in Mrs. Fogarty by ten years' adverse possession or otherwise, and may be able to establish a right to an undivided fractional interest in the land.    The complaint was not, apparently, drawn up on that theory, and the cause was evidently not tried with direct reference to such questions.

Without going into the discussion further, and without

committing ourselves to any questions which may arise upon a different record, or not considered upon this appeal, the judgment of the circuit court is reversed, and the cause is remanded for a new trial and for further proceedings according to law.

*By the Court.*— Ordered accordingly.

ORTON, J.  I append this note to the opinion in this case (1) to say that it was not necessary to pass upon the title of the defendant, because the plaintiff failed to prove title or any right of recovery; (2) to object to the principle, which seems to me to be established by the opinion, that a husband who lives with his wife and children on the land of his wife, and continues to live on said land for a short time after his wife's death, may by deed give to another such title as will permit the latter, having knowledge of the true condition of the title, to continue in the possession of the land for ten years, and then set up adverse possession under the statute against the children and heirs of the wife.

See note to this case in 31 N. W. Rep. 327.— REP.