### DEEMER *v.* FALKENBURG.

*(Supreme Court of New Mexico.* January 22, 1887.)

1. APPEAL—ASSIGNMENT OF ERRORS—WAIVER OF OBJECTION.

An assignment of errors cannot be objected to by appellee, because contained in appellant's printed brief, after he has treated it as a good assignment by filing a joinder thereto.

2. SAME—PRINTING RECORD—COMP. LAWS N. M. § 2201.

A judgment in ejectment for land, the value of which is not shown, and for money damages in a less sum than $1,000, does not make a case within Comp. Laws N. M. § 2201, requiring the record on appeal to be printed, if the amount of the judgment or value of the property in controversy exceeds $1,000.

3. EJECTMENT—DEFECTIVE TITLE—POSSESSION THEREUNDER.

Defendant in ejectment bought a lease of the premises from plaintiff's tenant, but, after entering, repudiated the tenancy. Plaintiff had prior possession under a deed from one who had located a mining claim including the premises. Defendant not setting up any different title, *held,* that plaintiff's title must prevail over defendant's possession, whether or not the proceedings for the location of the mining claim were valid.[1]

4. CONTINUANCE—STATEMENT OF EVIDENCE—LAW AND FACT.

A statement in an application for a continuance that a witness will prove that he located the land in controversy as a mill-site, in connection with a mining claim, does not state "particular facts, as distinguished from legal conclusions," as required by Comp. Laws N. M. § 2049; as whether a mining claim has been located so as to sustain the location of a mill-site in connection therewith is a question of law, depending on certain facts.

Appeal from Sierra district court.

*Fielder & Fielder,* for appellant. *Elliott, Pickett & Elliott,* for appellee.

BRINKER, J. This was an action of ejectment for a town lot in Kingston. Plaintiff recovered judgment below. In this court appellee moves to dismiss because appellant failed to file an assignment of errors on the first day of the term, as provided by section 2189, Comp. Laws. On the first day of the term appellant filed a printed brief, signed by counsel, on the last page of which, and after the signature of counsel, appears an assignment of errors, also signed by counsel. Without determining whether this is sufficient under the statute, we hold that appellee cannot take advantage of it, because he has treated it as a good assignment by filing a joinder thereto. The motion to dismiss for want of an assignment of errors is denied. In another motion, heard at the same time as the last, appellee asks us to strike out the record, because it was not printed as required by rule 23, and because the amount involved exceeds $1,000 in value. Section 2201, Comp. Laws, says: "Appellant or plaintiffs in error shall not be required to print the record, nor any part thereof, unless the amount of the judgment or the value of the property in dispute shall exceed one thousand dollars."

[1] See note at end of case.

This was an action of ejectment for a town lot and improvements. Plea, not guilty. The judgment was for the recovery of the premises described in the declaration, to-wit, one lot in Kingston, (describing it,) and $250 damages. The judgment, or rather that portion of it adjudging the payment of money, is for less than $1,000. There is no finding as to the value of the premises in question, and we are unable to ascertain from an examination of the record what their value is. In order to justify the enforcement of the rule for printing the record, it should clearly appear that the money judgment, or the value of the property in controversy, exceeds $1,000. Neither of these facts appearing, the second motion is overruled.

Upon the merits, the record discloses the following facts: Holt and Fraser located a mining claim, and laid off the surface ground into town lots, and sold on September 26, 1882, by quitclaim deed to plaintiff, one of the lots so laid off, and put him in possession. This is the lot in question. The mining claim was never patented, but Holt and Fraser regularly worked the assessments upon it. After his purchase, plaintiff, by written lease, demised the lot to Wiggins and Richardson, who, before their lease expired, sold to Like. After the expiration of the first lease, plaintiff leased the property to Like for two years from March 10, 1884, who agreed to and did pay plaintiff $25 per month ground rent. Before the expiration of his term, Like, with plaintiff's permission, sold out to Boone, who took possession and paid rent to plaintiff. Boone sold out to defendant some time in 1885, and before the expiration of the Like lease, and defendant took possession, and, according to plaintiff's testimony, paid rent for several months to Jack Wilson, as plaintiff's agent. Defendant, however, denies having paid rent, but says, in his direct examination, in answer to the question whether he had paid any rent: "When I went there Boone told me that he owed some back rent, or something to that effect, and he gave me the money to pay it, and I paid it to Jack Wilson. I didn't know to whom it was to go, nor for what purpose." His counsel then asked him: "When you say that Boone requested you to pay rent to Wilson, did you know what that rent was for,—whether that house, or some other house?" "I do not. I don't know what house it was for; not of my own knowledge."

A witness testified that he went to defendant, by request of plaintiff, and tried to sell the lot, as plaintiff's property, to defendant, and that defendant then offered to buy the lot of plaintiff, and pay $100 down and give a mortgage to the bank for the balance. Defendant denies this, and says, when this witness called on him, he told witness that he did not know plaintiff or his title; that he had been informed that the lot was on unsurveyed government land. The suit was commenced after the expiration of the lease to Like. The court directed a verdict for plaintiff.

Before the trial defendant asked for a continuance on the ground of the absence of a material witness, and in his application stated that he expected to prove by the absent witness "that the mining location made by Holt and Fraser was not a valid location, because the land on which the location was made was non-mineral land; that the witness had located this land as a mill-site in connection with a mining claim which did contain mineral," but did not state how this mine was located, nor what was done in order to make a valid location. This application was refused, and we think properly.

The statute (section 2049, Comp. Laws) requires applications of this kind to state "what particular facts, as distinguished from legal conclusions, the affiant believes the witness will prove." This application contained none of these essentials. Whether a mining claim has been located so as to sustain the location of a mill-site in connection therewith is a question of law, arising upon certain facts, and, before the court can determine whether such location has been made in conformity with law, the facts necessary to constitute such location must appear. In the view which we take of this case, it is unnecessary for us to decide whether defendant sustained the relation of tenant

to plaintiff or not. Defendant did not prove, or offer to prove, that he held by any other right or title than that derived from Boone, nor did he offer to prove that there was any outstanding title in any other person superior to plaintiff's. Plaintiff, having had the prior possession under a deed for a valuable consideration, is entitled to recover, unless defendant shows a title better than mere subsequent possession. This he did not do. *Bradshaw* v. *Treat,* 6 Cal. 172; *Corryell* v. *Cain,* 16 Cal. 567; *English* v. *Johnson,* 17 Cal. 115.

The instruction given was proper, and the judgment should be affirmed. It is so ordered.

LONG, C. J. I concur.

### NOTE.

EJECTMENT—TITLE TO SUPPORT. In ejectment, it is a universal rule that the plaintiff must recover on the strength of his own title, and not upon the weakness of his adversary's. Kelly v. McKeon, (Wis.) 31 N. W. Rep. 324; Chivington v. Colorado Springs Co., (Colo.) 14 Pac. Rep. 212; Low v. Settle, (W. Va.) 9 S. E. Rep. 922. Plaintiff must prove either a paper title or a title by adverse possession, and instructions based upon the principles of acquiescence and equitable estoppel, in relation to boundary lines, must be refused. Winter v. White, (Md.) 17 Atl. Rep. 84. A party claiming under a Mexican grant of an imperfect or equitable title cannot maintain ejectment against one claiming under the same grant by adverse derivative title, who has presented his claim and had it confirmed, whether he acted fraudulently or otherwise. Bouldin v. Phelps, 30 Fed. Rep. 547. The very foundation of the right to maintain ejectment, both at common law and under the statute of the territory, is the plaintiff's right to the possession of the premises; and a declaration which merely avers that he was in possession, claiming in fee, and that defendant entered and dispossessed him, is insufficient. Baca v. Fulton, 3 N. M. 215, 5 Pac. Rep. 467. Under a statute requiring an averment that defendant "unlawfully" withholds the premises, an averment that he "unjustly" withholds them is bad, since this might describe an inequitable withholding under a good legal title. Id. But the legal title alone is sufficient to entitle the plaintiff to a recovery; and hence one suing in his individual capacity may recover upon a patent issued to him in a representative capacity. Burling v. Thompkins, (Cal.) 19 Pac. Rep. 429. When both parties claim to derive title from the same third person, such third person's title need not be proved. Low v. Settle, (W. Va.) 9 S. E. Rep. 922; Smith v. Bradley, (Ky.) 11 S. W. Rep. 370; McWhorter v. Heuzel, (Ind.) 24 N. E. Rep. 743. But when the title of the plaintiff rests upon that of another person, through whom he claims, and there is no satisfactory evidence as to the location of the land held under that title, he cannot recover. Pinkerton v. Ledoux, 3 N. M. 252, 5 Pac. Rep. 721.

Prior possession is sufficient to maintain ejectment against a mere intruder or wrongdoer or a person subsequently entering without right. Sabariego v. Maverick, 8 Sup. Ct. Rep. 461; Wilson v. Fine, 38 Fed. Rep. 789. Under Comp. Laws N. M. § 1570, providing that "an action of ejectment will lie for the recovery of the possession of a mining claim, as well also of any real estate, where the party suing has been wrongfully ousted from the possession thereof, and the possession wrongfully detained," the action will lie against a mere intruder in favor of one who had actual possession, though without legal or even colorable title, such as would ripen into a good title by continuous possession. Railroad Company v. Crouch, 4 N. M. 141, 13 Pac. Rep. 201. Prior possession for less than 20 years is sufficient *prima facie* proof to sustain a recovery against a mere trespasser; but against one whose possession is lawful the plaintiff must show adverse possession for a period which will bar an entry,—namely, 20 years. Riverside Co. v. Townsend, (Ill.) 9 N. E. Rep. 65.