ANDREWS, Appellant, vs. YOUMANS, Respondent.

*October 18 — November 5, 1890.*

*Highway; Title of grantee of abutting lot: Acceptance of platted street: Trespass: Cutting down shade trees.*

1. The grantee of a lot in a recorded plat takes title to the center of an adjoining street, subject to the public easement, although his deed was given in pursuance of an oral agreement, made before the lands were platted, for the sale of the quantity of land included in the lot itself exclusive of the street. And no acceptance of the street by the public is necessary to give him such title.

2. In an action for the cutting down of plaintiff's shade trees in the street in front of his lot, if the treble damages claimed under sec. 1345, R. S., are not recoverable because the street had not been declared to be a public highway in accordance with sec. 1224, S. & B. Ann. Stats., there may at least be a recovery for the trespass.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that the plaintiff was the owner of lot 1 in block A of Youmans' addition to Mukwanago; that said lot fronts on Clarendon avenue in said village; that in November, 1887, and December, 1888, the defendant, without leave of the plaintiff and against his protest, cut down, carried away, and converted to his own use fourteen shade trees standing in that half of said Clarendon avenue next to said lot and in front of the same, for which the plaintiff claims $350 damages, and three times the amount thereof by force of sec. 1345, R. S. The answer admits the cutting, but denies that the same was against the protest of the plaintiff, except as to five of said trees, and denies any damage to the plaintiff or that the plaintiff had any right to said trees, and alleges that said Clarendon avenue was not at the times mentioned, nor ever was, a highway within the meaning of sec. 1345, R. S.

It appears from the evidence upon the trial that in July, 1886, the defendant agreed verbally to sell to the plaintiff a half acre of land, now constituting the lot in question, for $100; that the plaintiff thereupon went to preparing said lot for a cattle-yard; that a few weeks afterwards the plaintiff agreed to pay the defendant $12 more and take the timber on said lot, which the defendant had previously intended to reserve; that the land thus bargained for was all inclosed by the plaintiff, and did not include any of the street afterwards platted; that October 8, 1886, the defendant surveyed and platted said lot and avenue and other lands as required by statute, and said plat was duly certified to, and was recorded October 18, 1886; that in pursuance of said verbal contract the defendant conveyed to the plaintiff, by a warranty deed, said lot 1, October 20, 1886, which deed was recorded November 23, 1886; that the

plaintiff built, maintained, and operated stock-yards on said lot, and that the defendant caused the trees to be cut in November, 1887, and December, 1888, as claimed. At the close of the testimony the court granted a nonsuit, and from the judgment entered thereon the plaintiff appeals.

The cause was submitted for the appellant on the brief of *D. H. Sumner*, and for the respondent on that of *T. W. Haight*.

CASSODAY, J. All antecedent and contemporaneous verbal negotiations and agreements between the parties respecting the purchase of the lot must be regarded as having merged in or been excluded by the deed from the defendant to the plaintiff executed and delivered October 20, 1886. *Herbst v. Lowe*, 65 Wis. 320, 321. It is conceded that that deed conveyed to the plaintiff lot 1 in block A of Youmans' addition to the village; that the same fronted on Clarendon avenue; and that at least some of the trees cut and removed by the defendant stood, at the time of such conveyance, on the half of the street adjoining the lot. By virtue of that deed, the plaintiff took title to the center of the avenue, subject to the public easement. *Kimball v. Kenosha*, 4 Wis. 321; *Weisbrod v. C. & N. W. R. Co.* 21 Wis. 609; *Pettibone v. Hamilton*, 40 Wis. 402; *Donohoo v. Murray*, 62 Wis. 100. No acceptance by the public was essential in order to give to the plaintiff such title to the center of the avenue. *Ibid.*

Such being the law, it is obvious that the defendant had no legal right to remove, for private purposes, any trees standing upon the half of the street belonging to the plaintiff. It may be that the public authorities had the right to remove such trees as were essential to fit the street for public travel, but certainly nothing more. *Houston v. Fort Atkinson*, 56 Wis. 350; *Brickwell v. Hamele*, 57 Wis. 494; *Smith v. City Council*, 63 Am. Dec. 298; *Rich v. Minneapolis*, 37 Minn. 423; *Viliski v. Minneapolis*, 40 Minn. 304.

The learned counsel for the defendant claims that the action is brought under sec. 1345, R. S., and that the complaint is insufficient for that purpose in that the town board did not, until after the commencement of the action, make any order declaring the street in question to be a public highway, in accordance with sec. 1224, S. & B. Ann. Stats.; and, also, in that the action is in its nature for a penalty or forfeiture, and hence should have been brought in the name of the state, as prescribed in sec. 3295, R. S. But we think the complaint at least states a good cause of action in trespass, and that the evidence was sufficient to have taken the case to the jury; and hence that the nonsuit was improperly granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.