WEGGE, Appellant, vs. MADLER and others, Respondents.

*September 17—October 9, 1906.*

*Boundaries of land: Streets: Deed construed: "Corner" of lot: Costs of party defending separately.*

1. The grantee of a lot in a recorded plat takes title to the center of an adjoining street, subject to the public easement, even where the lot is described by metes and bounds extending to the line of the street, although without express reference to such street, and also where the lot is described as bounded by the street.

2. In a conveyance of part of a lot, described by metes and bounds, the expression "the northwest corner of" the lot is *held* to mean the point at the intersection of the south and east lines respectively of the two streets at the corner of the lot and not the point at the intersection of the center lines of such streets.

3. In ejectment, where the sole heir of the common grantor of the parties was also brought in as a party and successfully defended by a separate attorney, she was entitled to recover full costs and disbursements, excluding such items as were common to both issues.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an action of ejectment. The facts are undisputed or found by the court, and are to the following effect: Ogden avenue runs east and west and is eighty feet wide. Van Buren street is eighty feet wide, and crosses that avenue at right angles. The north side of lot 1, in block 137, abuts upon the south side of Ogden avenue, and the west end of that lot also abuts upon the east side of Van Buren street. Adjoining that lot on the south side thereof is lot No. 2 in the same block, and that lot also abuts upon Van Buren street on the west end thereof. Said lots were each a little over 127 feet long east and west, and a little over sixty feet wide north and south. At the times mentioned Julius G. C. Kasten owned the portions of the two lots here in question. On March 21, 1902, the said Kasten agreed in writing with one John C. Kleist, acting for the plaintiff, to convey to him the parts of said lots described as commencing at a point fifty feet east of the northwest corner of said lot 1; thence east on the north line of said lot 1 to a point twenty-seven and one-half feet west of the northeast corner of said lot 1; thence south ninety feet; thence east to the east line of said lot 2; thence south to the southeast corner of said lot 2; thence west on the south line of said lot 2 to the east line of Ormsby's land; thence north forty-five feet; thence west six feet; and thence north to the place of beginning. The strip of land twenty-seven and one-half feet wide off the east end of said lots was during the times herein mentioned the property of one Sonlander. In pursuance of that agreement the said Kasten on April 19, 1902, conveyed the same land therein described to the plaintiff. On May 12, 1902, said Kasten conveyed to the defendant *Madler* the parts of said lots described as commencing at the northwest corner of lot No. 1; running thence south seventy-five feet along the west line of said lots 1 and 2; thence fifty feet east, parallel to the north line of said lot 2, to a point which is seventy-five feet south of the north line of lot numbered 1; thence north, parallel to

the west line of said lots 1 and 2, seventy-five feet, to a point in the north line of lot No. 1; thence west, along the north line of said lot 1, fifty feet to the place of beginning.

This action was commenced against *Madler* alone May 22, 1902, and to the complaint therein *Madler,* by Carroll & Carroll, his attorneys therein, answered.    Thereupon and on June 7, 1902, the complaint was amended by making the said Julius G. C. Kasten a party defendant.    To such amended complaint therein the said Kasten by his attorney, Otto R. Hansen, made answer.    August 13, 1902, the said Kasten died intestate, leaving him surviving the defendant *Alma Scheffer* as his sole heir at law.    Thereupon and in January, 1903, a separate action of ejectment was commenced by this same plaintiff against the said *Alma Scheffer* and *Alfred Scheffer,* her husband, and they by their attorney, John F. Burke, made answer to the complaint therein.    April 18, 1903, the two actions were duly consolidated.

Upon the trial of the two actions thus consolidated a jury was waived, and at the close of the trial the court found in effect the facts stated, and upon such facts and the admitted facts reached the conclusion in effect that the title to the premises described in the deed to *Madler* was in him and superior to any claim or title thereto in the plaintiff, and that the plaintiff was forever barred from having or claiming any title under her said deed from said Kasten to the land so owned by the said *Madler* adverse to him, and that the defendants have their costs and disbursements therein to be taxed, and ordered judgment to be entered therein accordingly.    Such judgment was duly entered July 3, 1905, dismissing the complaint upon the merits, and adjudging that *Madler* was entitled to the possession of the premises described in his deed, and that *Madler* recover from the plaintiff his costs in the action taxed at $150.55, and that *Alma* and *Alfred Scheffer* have and recover from the plaintiff their costs in the action taxed at $56.22, and that executions issue

to enforce such judgment. From such judgment and the whole thereof the plaintiff appeals.

*John C. Kleist,* for the appellant, contended, *inter alia,* that where the corner of a lot or block or piece of land, the occupied portion of which is bounded by two streets, or where the intersection of two streets, is named as the starting point in a description, this point will be the intersection of the center lines of such streets, unless the deed by apt, express language provides differently. *Cox v. Freedley,* 33 Pa. St. 124; *Moody v. Palmer,* 50 Cal. 31; *Low v. Tibbetts,* 72 Me. 92; *Sweatman v. Bathrick,* 17 S. Dak. 138, 95 N. W. 422; *Potter v. Boyce,* 73 App. Div. 383, 77 N. Y. Supp. 24 (in effect overruling *Holloway v. Delano,* 18 N. Y. Supp. 700); *Gas Light Co. v. R., W. & O. R. Co.* 11 N. Y. Civ. Proc. 239. See, also, *Greer v. N. Y. C. & H. R. R. Co.* 37 Hun, 346; *In re Cathedral Parkway,* 46 N. Y. Supp. 832, 834; *Perrin v. N. Y. C. R. Co.* 36 N. Y. 120; *Putzel v. Van Brunt,* 40 N. Y. Super. Ct. 501; *Stevens v. New York,* 46 N. Y. Super. Ct. 274; *Oxton v. Groves,* 68 Me. 371; *Dean v. Lowell,* 135 Mass. 55, 60; *Gould v. Eastern R. Co.* 142 Mass. 85; *Paul v. Carver,* 26 Pa. St. 223, 226; *Marsh v. Burt,* 34 Vt. 289.

For the respondent *Madler* there was a brief by *Carroll & Carroll,* and oral argument by *George J. Carroll.*

*John F. Burke,* for the respondents *Scheffer.*

CASSODAY, C. J. 1. It will be observed that the description of the land conveyed to the plaintiff commenced at a point fifty feet east of the northwest corner of lot 1, whereas the description of the land conveyed to the defendant *Madler* commenced at the northwest corner of lot 1. Thus it appears that the northwest corner of the lot was to be the northwest corner of *Madler's* land, and that a point fifty feet east of that corner was to be the northwest corner of the plaintiff's land. The important question in the case, therefore, is as to the location of the northwest corner of that lot. The defend-

ants claim and the court held that the northwest corner of the
lot was at the point of intersection of the south line of Ogden
avenue and the east line of Van Buren street.    The plaintiff
contends that the northwest corner of that lot must be under-
stood to mean the point of intersection of the center line of
Ogden avenue and the center line of Van Buren street.    In

[The heavy lines show defendants' claim as to the boundaries of
the land conveyed by Kasten to the plaintiff. The dotted line indi-
cates plaintiff's claim as to the last course in the description in his
deed.]

support of such contention counsel invoke the well-established'
rule that the grantee of a lot in a recorded plat takes title to
the center of an adjoining street, subject to the public ease-'
ment.    *Ford v. C. & N. W. R. Co.* 14 Wis. 609; *Pettibone v.
Hamilton,* 40 Wis. 402; *Norcross v. Griffiths,* 65 Wis. 599,
606, 607, 27 N. W. 606; *Andrews v. Youmans,* 78 Wis. 56,

47 N. W. 304; *Brown v. Baraboo,* 98 Wis. 273, 74 N. W. 223. And this is so even where the land is described by metes and bounds, extending to the line of the street or highway, although without express reference to such street or highway. Id. The same is true where the lot or land described is bounded by a public street or highway. *Gove v. White,* 20 Wis, 425; *Lins v. Seefeld,* 126 Wis. 610, 105 N. W. 917, and cases there cited. But, in view of the fact that the owner of such lot or land has no right to the possession or occupancy of any portion of such public street or highway adjoining the same, it is not customary to mention such street or highway in making a conveyance of such lot or land. It was held by this court many years ago that the land within the recorded plat of any city or village, "owned and occupied" by the debtor as a homestead, was a quarter of an acre, exclusive of the public street upon which it abutted. *Weisbrod v. Dae-nicke,* 36 Wis. 73. This was put on the ground that "such occupation and use" by the owner of the homestead was "inconsistent with the public easement" in such street. The correctness of such ruling is obvious. It is claimed that the contention of the plaintiff has been directly adjudicated in other jurisdictions. The cases cited and seemingly relied upon, however, merely reiterate well-established rules of law repeatedly sanctioned by this court in cases already cited and many others which might be cited. *Cox v. Freedley,* 33 Pa. St. 124; *Low v. Tibbetts,* 72 Me. 92; *Moody v. Palmer,* 50 Cal. 31; *Potter v. Boyce,* 73 App. Div. 383, 77 N. Y. Supp. 24; *Sweatman v. Bathrick,* 17 S. Dak. 138, 95 N. W. 422.

At the time of making the contract with Kleist for the benefit of the plaintiff, Kasten owned parts of lots 1 and 2, having a frontage on Ogden avenue of a few inches more than 100 feet. In making that contract and the deed given to the plaintiff in pursuance thereof Kasten manifestly intended to convey and did convey to the plaintiff enough of the eastern portion of the lots then so owned by him to give a frontage of

fifty feet on Ogden avenue. The land so conveyed adjoined the strip of land belonging to Sonlander and mentioned in the foregoing statement. And by Kasten's subsequent deed to *Madler* he intended to convey and did convey the balance of said lots so owned by him, having a frontage on Ogden avenue of about fifty feet. The claim of the plaintiff that her west line ran in a northwesterly direction so as to give her a frontage of more than seventy-six feet on Ogden avenue, leaving less than twenty-four feet frontage on that avenue to be conveyed to *Madler,* is, in our judgment, without foundation. As held by the supreme court of Indiana, the lot must be understood to mean the land independently of the street or avenue. *Montgomery v. Hines,* 134 Ind. 221, 33 N. E. 1100. The trial court properly held that the plaintiff had no cause of action.

2. Error is assigned because the court allowed the defendants *Scheffer* to tax a full bill of costs and disbursements. No objection is made to the allowance of costs and disbursements in favor of *Madler.* He defended as purchaser from Kasten, who was brought into the case as defendant. Kasten died, and thereupon *Mrs. Scheffer,* as his sole heir at law, and her husband were brought into the case as defendants. Of course, it became necessary for them to defend or allow judgment to go against them by default. They appeared by a separate attorney; and, being successful, we perceive no reason why they were not entitled to legitimate costs. Of course, the items of costs were not to be unnecessarily duplicated. Accordingly the trial court disallowed to the *Scheffers* all items that were common to both issues. We perceive no error in such ruling.

*By the Court.*—The judgment of the circuit court is affirmed.